UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FAVROT & SHANE COMPANIES, INC., ET AL.**         CIVIL ACTION

**VERSUS**                                          **NO. 06-9533**

**PACIFIC INSURANCE COMPANY, ET AL.**              SECTION B(4)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

On September 23, 2005, Plaintiffs owned and/or managed an apartment complex named Walnut Creek which was insured by Pacific Insurance Company, Ltd. On September 23, 2005, Walnut Creek sustained fire damage. Plaintiffs sought to recover under Pacific's Rental Value insurance coverage. Pacific allegedly refused to pay Plaintiff's full Rental Value claim.

On September 22, 2006, Plaintiffs filed suit against Defendants Crump Insurance Services of Texas, Inc. ("Crump"), Pacific Insurance Company, Ltd. ("Pacific"), and J. Everett Eaves, Inc. ("Eaves") in the 24th Judicial District Court for the Parish of Jefferson. Plaintiffs asserted claims of breach of contract and bad faith against Defendant Pacific. Plaintiffs further asserted claims of breach of contract and negligence for failing to procure

1

requested insurance, *inter alia,* against Defendants Crump and Eaves.  Plaintiffs are business entities and citizens of Louisiana. Defendants Crump and Pacific are citizens of foreign states. Defendant Eaves, a local insurance agency, is a citizen of Louisiana.

Defendant Pacific removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.[1]

Pacific contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  Pacific argues Eaves, the sole non-diverse defendant, was improperly joined.

Plaintiffs contend Eaves was properly joined as a defendant, therefore, diversity of citizenship is destroyed.  Plaintiffs contend Pacific failed to establish beyond a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

## *DISCUSSION*

**A.   Improper Joinder**

Civil actions may be removed from state court when the United

---

[1] Pacific asserted federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1369, 1441(e), and 1442 in its Notice of Removal.  However, Pacific solely relies on jurisdiction pursuant to 28 U.S.C. § 1332 to defeat Plaintiff's motion to remand.

2

States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Pacific argues Plaintiff failed to state a viable claim against Eaves.  "Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[2]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891). Plaintiffs allegedly requested Rental Value coverage without deduction.  Plaintiffs further allege: (1) Plaintiff Favrot and Defendant Eaves' agent, Cornelious Crusel ("Crusel"), engaged in multiple conversations wherein Favrot consistently reiterated Plaintiffs' request to procure Rental Value insurance coverage without deduction; (2) Crusel agreed to procure said insurance coverage; and (3) Crusel assured Favrot that Rental Value coverage existed in accordance with Plaintiffs' requested customized terms. Louisiana recognizes an agent's duty to procure requested insurance.  *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).*  Further, Louisiana courts acknowledge that an "agent's

---

[2]Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

4

duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006)(quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)). As such, Plaintiffs may prove a set of facts in support of claims entitling them to relief. Therefore, the Court finds that Plaintiffs stated viable claims against Defendant Eaves.

Pacific further argues that Plaintiffs' claims against Eaves are perempted under Louisiana Revised Statute 9:5606. Thus, Pacific claims defendant insurance agents are improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The initial policy procurement falls outside of the three year peremptive period.  However, a policy renewal may be the basis of a separate tort when the complained of conduct consists of separate and distinct acts giving rise to "immediately apparent damages." *Southern Athletic Club*, 2006 WL 2583406 (E.D.La. 2006)(citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. App. 5 cir. 10/26/04) and *Sonnier v. Louisiana farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3 Cir. 3/1/06).  Here Plaintiffs allege requests were made within the peremptive period. Furthermore, Plaintiffs allege representations were made reassuring Plaintiffs that the Rental Value insurance coverage existed as requested.   Therefore, Plaintiffs allegations regarding the consistent conversations with Eaves provide sufficient basis for a separate tort.

However, the determinative issue before the court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period.  Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions.  *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant.  Removing

defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiffs allege Eaves failed to procure adequate insurance. Without further factual development regarding the basis for Plaintiff's reliance and whether or not the reliance was well founded, the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state defendant.

Therefore, the Court finds the defendant insurance agency was not improperly joined. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 31st day of January, 2007.

UNITED STATES DISTRICT JUDGE